Sent by Fedex
January 23, 2023

Steven E. Bryant
2921 Ashton Terrace
Oviedo, FL 32765

To Douglas MckinleyMiller
   444 South Flower Street, Suite 900
   Los Angeles, CA 90091

FILED
FEB 27 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

On behalf of myself and Project Growth International, Inc.
In the matter of Civil Action No. 22cv01914-11-AGS

In response to your request for an answer, I sent you a response asking for additional time, in time for you to notify me if your answer was no so I could come up with some kind of quick response. Receiving no response, I assumed what time frame you would grant was under consideration. However, not having heard anyting from you, I hereby submit the following.

With regard to the FIFTH and SIXTH CLAIMS FOR RELIEF, I can't speak to whatever Earle and UPPR may or may not have done, but Project Growth and myself never solicited any individual who may have had interest in a possible investment in UPPR, to make an investment in UPPR and that any interest in making an investment should be directed to UPPR. Myself and Project Growth never entered into any agreement with UPPR to offer UPPR's stock and never received any money from any investor on behalf of UPPR. Any investor's investments in UPPR. to the best of my knowledge, were between UPPR and the investor. Project Growth's role was to identify interested individuals, who learned about UPPR because of their interest in cannabis companys and indicated an interest about investing in such companys. Project Growth then gathered information from the investor and referred him and his information to UPPR for their review for which Project Growth received a referral fee. Project Growth never acted as an unregistered broker/dealer and never received a commission for the offer or sale of any security. Myself or Project Growth never acted directly or indirectly, singly or in consert with others, or used by any means to solicit or offer to sell or sell any security for the purpose of sale of any unregistered security.

With regard to individuals referred to UPPR being an Accredited Investor, Project Growth purchased from third party vendors, lists of individuals they offered as Accredited Investors under the definitions provided in SEC rules. If they weren't, I suggest they commited a fraud in representing they were accredited investors. Additionally, before any individual was referred to any company they might have an interest in, SEC accreditor investor status was reviewed with them and to receive information, they had to confirm their status as an accredited investor. UPPR was advised that although purchased lists were accredited investor lists and that accredited investor status was confirmed by each interested individual before information was communicated and that since only accredited investors may make an investment in UPPR, it was UPPR's responsibility to only accept an investment from an accredied investor and that UPPR should do their own due diligence with regard to establishing accredited investor status. To the best of my knowledge, only accredited investors were accepted to make an investment. Since the SEC has a list of UPPR investors, a simple query to each investor asking each to confirm that they were an accredited investor at the time they made an investment in UPPR would confirm status. To the best of my knowledge, all invstors signed that they were an accredited investor when requesting to make an investment in UPPR. If an investor doesn't confirm, the signed confirmation should be requested from UPPR to establish if UPPR did their due diligence in eatablishing accredited investor status.

At no time did Project Growth offer to sell or recommend that any individual invest in UPPR or any company. Project Growth's business was in the businees of referring identified individuals to companys in industries they had an interest in. For this service Project Growth would earn a referral fee based on how valuable the referral was. Obviously, the bigger the investment, the more valuable it was. Any payments or arrangements were for a service provided and not a commission for solicitation, recomendation, offer or sale of any security. Project Growth never received any money or other consideration from any investor.

As the referral relationship with UPPR continued, UPPR needed marketing and public relations support and entered into an agreement with myself to provide such support on behalf of UPPR. It did not involve the solicitation for the purchase or sale of any security. All marketing and public relations was agreed to between the parties for disemination.

At no time did I or Project Growth participate in an offering of UPPR stock and did not violate Sections 5(a) and 5(c), 15 U.S.C. §§ 77e(a) & 77c(c).

At no time did I or Project Growth act as an unregistered broker or provide broker-dealer services having acted only as a referral agent for interested accredited investors and did not induce or attempt to induce the purchase or sale of any security and did not violate Section 15(a of the Exchange Act, 15 U.S.C. § 78o(a).



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071

LOS ANGELES
REGIONAL OFFICE

January 31, 2023

<u>VIA OVERNIGHT DELIVERY AND EMAIL (ceosan@yahoo.com)</u>

Mr. Steven Bryant　　　　　Project Growth International, Inc.
2921 Ashton Terrace　　　　c/o Mr. Steven Bryant
Oviedo, FL 32765　　　　　 2921 Ashton Terrace
　　　　　　　　　　　　　Oviedo, FL 32765

Re:　<u>SEC v. Earle, et al. (SEC File No. LA-05064)</u>
　　　Case No. 3:22-cv-01914-H-AGS (S.D. Cal.)

Dear Mr. Bryant and Project Growth International, Inc.:

　　　You both were personally served on December 7, 2022 with the enclosed complaint and amended complaint (collectively, the "complaint") in this case, and your response to it was due on December 28, 2022. We have not received an answer or valid response from you, and the court's docket does not indicate that you filed one. We did receive the letter you sent via FedEx dated January 23, 2023 on behalf of yourself and Project Growth International, Inc., where you layout what appears to be your version of some of the events addressed in our complaint. *See* attached 1/23/2023 letter. Although I cannot give you legal advice and do not represent you in this matter, it will be the Securities and Exchange Commission's ("SEC") position that this letter does not constitute a valid response to the complaint, in part, because it is not in the correct form and was not filed with the Court.

　　　Moreover, please note that if you and Project Growth International, Inc. do not file a valid response to the complaint immediately, the SEC intends to request that the Clerk of the Court enter a default against both you and Project Growth International, Inc. We would then file a motion for entry of judgment against you both based upon the default and seek the remedies identified in our complaint.

1





TO: DOUGLAS MCKINLEYMILLER
444 S FLOWER ST STE 900
LOS ANGELES CA 90091

ORIGIN ID:SFBA (954) 687-8076
STEVEN BRYANT
2921 ASHTON TER
OVIEDO, FL 32765
UNITED STATES US

TRK# 3937 5687 6530

WZ JBPA
TUE
STANDARD

479023 24Jan2023 JPYA 581G2/D297/C080

February 22, 2023

To the Court of US District Court – California Southern District

RE: Civil Action N. 22CV01914-H-AGS

To the court's attention,

This notice as first served to me right before Christmas. I could not even get an attorney to pay attention at that time.

I am a partially disabled veteran with a head injury that is undergoing evaluation that has me unable to financially afford representation at this time. I would like the court there to appoint me an attorney if that is possible.

I responded erroneously to the SEC directly, but they have after some time, informed me that I must respond via your court.

Enclosed is a copy of my response to the erroneous charges they have made. I have shown them I was not involved in wrongdoing, but they chose to not even address my defenses.

I would like to request a 90-day extension of time to retain an attorney and prepare a proper defense. I don't have funds for this at this time. If the court can assign me an attorney, I am requesting that you please do so.

Lastly, I understand that this request is not in the proper format and would like to be directed on where I can locate the correct form(s) to file.

Sincerely,

Steven Bryant
02/23/2023



