1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOSEPH R. EARLE, JR., BARRY D. REAGH, WILLIAM CLAYTON, FRANCIS T. DUDLEY, STEVEN E. BRYANT, UPPER STREET MARKETING, INC., and PROJECT GROWTH INTERNATIONAL, INC.,

Defendants.

Case No.:  3:22-cv-01914-H-JLB

**STIPULATED CONSENT JUDGMENT**

Pursuant to the parties' stipulations and agreement, the Court enters the Consent Judgment of Defendant Upper Street Marketing, Inc. attached to this filing as "Exhibit A." The case will proceed as to the remaining Defendants – Joseph R. Earle, Jr., Barry D. Reagh, William Clayton, Francis T. Dudley, Steven E. Bryant, and Project Growth International, Inc.

**IT IS SO ORDERED.**

DATED:  June 26, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

1

# EXHIBIT A



# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

      vs.

JOSEPH R. EARLE, JR., BARRY D.
REAGH, WILLIAM CLAYTON,
FRANCIS T. DUDLEY, STEVEN E.
BRYANT, UPPER STREET
MARKETING, INC. and PROJECT
GROWTH INTERNATIONAL, INC.,

           Defendants.

Case No. 22-cv-1914-H-JLB

**JUDGMENT AS TO DEFENDANT
UPPER STREET MARKETING, INC.**

22-cv-1914-H-JLB

**JUDGMENT AS TO DEFENDANT UPPER STREET MARKETING, INC.**

The Securities and Exchange Commission having filed a Second Amended Complaint ("Complaint") and Defendant Upper Street Marketing, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

22-cv-1914-H-JLB

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from June 31, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties,

3                                          22-cv-1914-H-JLB

1   and at any hearing held on such a motion: (a) Defendant will be precluded from

2   arguing that it did not violate the federal securities laws as alleged in the Complaint;

3   (b) Defendant may not challenge the validity of the Consent or this Final Judgment;

4   (c) solely for the purposes of such motion, the allegations of the Complaint shall be

5   accepted as and deemed true by the Court; and (d) the Court may determine the issues

6   raised in the motion on the basis of affidavits, declarations, excerpts of sworn

7   deposition or investigative testimony, and documentary evidence, without regard to

8   the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

9   Civil Procedure.  In connection with the Commission's motion for disgorgement

10  and/or civil penalties, the parties may take discovery, including discovery from

11  appropriate non-parties.

12                                          V.

13         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

14  Consent is incorporated herein with the same force and effect as if fully set forth

15  herein, and that Defendant shall comply with all of the undertakings and agreements

16  set forth therein.

17                                          VI.

18         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

19  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

20  Final Judgment.

21                                          VII.

22         There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

23  of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

24  without further notice.

25

26  **IT IS SO ORDERED.**

27  DATED:  June 26, 2023

28                                   _____
                                     MARILYN L. HUFF, District Judge
                                     UNITED STATES DISTRICT COURT

22-cv-1914-H-JLB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22-cv-1914-H-JLB