# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH R. EARLE, JR., BARRY D. REAGH, WILLIAM CLAYTON, FRANCIS T. DUDLEY, STEVEN E. BRYANT, UPPER STREET MARKETING, INC., and PROJECT GROWTH INTERNATIONAL, INC.,<br><br>Defendants. | Case No.: 3:22-cv-01914-H-SBC<br><br>**ORDER DENYING DEFENDANT JOSEPH R. EARLE, JR.'S REQUEST TO STAY**<br><br>[Doc. No. 76.] |

On December 5, 2022, Plaintiff Securities and Exchange Commission ("SEC") filed a complaint against Defendants Joseph R. Earle, Jr., Barry D. Reagh, William Clayton, Francis T. Dudley, Steven E. Bryant, Upper Street Marketing, Inc., and Project Growth International, Inc. (collectively, "Defendants"). (Doc. No. 1.) On April 24, 2023, the SEC filed a second amended complaint against all Defendants. (Doc. No. 59.) On July 14, 2023, Defendant Joseph R. Earle, Jr. ("Defendant Earle, Jr.") filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Missouri. (See Doc. No. 76.) That same day, Defendant Earle, Jr. filed a suggestion of bankruptcy in the

instant action. (Id.) On July 17, 2023, the SEC filed a response to Defendant Earle, Jr.'s suggestion of bankruptcy, noting that to the extent Defendant Earle, Jr. suggests that his notification should operate to stay the proceedings against him in this action, the SEC opposes. (Doc. No. 77.) The Court construes Defendant Earle, Jr.'s suggestion of bankruptcy as a request to stay pursuant to 11 U.S.C. § 362(a). For the reasons explained below, the Court denies Defendant Earle, Jr.'s request to stay.

I.  DISCUSSION

As an initial matter, this Court has jurisdiction to determine whether this proceeding is within the scope of the automatic stay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1106–07 (9th Cir. 2005) ("[A] district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction."); S.E.C. v. Wolfson, 309 B.R. 612, 617 (D. Utah 2004) ("At the outset, the Court finds that it has jurisdiction to determine its own jurisdiction, as well as to decide whether the automatic stay is applicable to the instant litigation." (citations omitted)).

Section 362 of the Bankruptcy Code provides for the automatic stay of various actions and proceedings against a debtor or his property. 11 U.S.C. § 362(a). However, the Bankruptcy Code exempts several types of actions from the automatic stay, including "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4). This exemption is grounded in the premise that "bankruptcy should not be 'a haven for wrongdoers.'" Lockyer, 398 F.3d at 1107 (quoting Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1297 (9th Cir. 1997)); see also City of New York v. Exxon Corp., 932 F.2d 1020, 1024 (2d Cir. 1991) (explaining that the purpose of the governmental unit exception is to prevent a debtor from "frustrating necessary governmental functions by seeking refuge in bankruptcy court" (citation and internal quotations omitted)).

Here, the SEC argues that the action against Defendant Earle, Jr. falls outside of the automatic stay provision of Section 362(a). (Doc. No. 77 at 2–4.) The Court agrees. Although Defendant Earle, Jr. filed a bankruptcy petition in the United States Bankruptcy

Court for the Eastern District of Missouri, (see Doc. No. 76), the SEC's action against Defendant Earle, Jr. is part of an action commenced by a governmental unit enforcing its regulatory powers. Accordingly, the regulatory exception of § 362(b)(4) applies, and the SEC's action against Defendant Earle, Jr. is not subject to the automatic stay. See In re Sherman, 491 F.3d 948, 975 (9th Cir. 2007) ("[T]he SEC was protected against the use of bankruptcy to avoid the jurisdiction of another court because, under § 362(b)(4), it was not subject to the automatic stay."); S.E.C. v. Earthly Mineral Solutions, Inc., No. 2:07-CV-1057-JCM-LRL, 2010 WL 5287523, at *2 (D. Nev. Dec. 17, 2010) ("[I]t is well established that the regulatory exception of Section 362(b)(4) applies to Commission enforcement actions.").

## II.   CONCLUSION

For the foregoing reasons, the Court denies Defendant Earle, Jr.'s request to stay. Pursuant to 11 U.S.C. § 362(b)(4), the SEC's action against Defendant Earle, Jr. is exempt from the automatic stay.

**IT IS SO ORDERED.**

DATED:  January 12, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT