# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH R. EARLE, JR., BARRY D. REAGH, WILLIAM CLAYTON, FRANCIS T. DUDLEY, STEVEN E. BRYANT, UPPER STREET MARKETING, INC. and PROJECT GROWTH INTERNATIONAL, INC.,<br><br>Defendants. | Case No.: 3:22-cv-01914-H-SBC<br><br>**(1) GRANTING DEFENDANTS JOSEPH R. EARLE, JR., WILLIAM CLAYTON, AND BARRY D. REAGH'S UNOPPOSED MOTIONS TO FILE DOCUMENTS UNDER SEAL;**<br><br>[Doc. Nos. 107, 109.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL; AND**<br><br>[Doc. Nos. 106–106-5, 108–108-5, 110–110-4.]<br><br>**(3) ORDERING THE PARTIES TO FILE PUBLICLY REDACTED VERSION OF THE DOCUMENTS** |

On June 27, 2024, Plaintiff Securities and Exchange Commission ("SEC") filed a motion in limine to admit recorded statements of Defendants Joseph R. Earle, Jr. ("Earle, Jr.") and Barry D. Reagh ("Reagh"). (Doc. No. 106.) On July 15, 2024, Defendants Earle, Jr., William Clayton, and Reagh (collectively, "Defendants") filed: (1) an unopposed

3:22-cv-01914-H-SBC

motion to seal the SEC's motion in limine and related documents (Doc. Nos. 106–106-5); and (2) an unopposed motion to seal Defendants' opposition to the SEC's motion in limine (Doc. No. 110–110-4).  (Doc. Nos. 107, 109.)  Defendants argue that the documents at issue should be sealed because they contain confidential intercepted communications and failure to seal these documents would violate Defendants' rights to privacy.  (See Doc. No. 107 at 5; Doc. No. 109 at 3.)

After reviewing the documents at issue, the Court concludes that compelling reasons exist to seal the documents.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Mezzadri v. Med. Depot, Inc., No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2–3 (S.D. Cal. Dec. 18, 2015); Baker v. SeaWorld Ent., Inc., No. 14-CV-02129-MMA (AGS), 2017 WL 5029612, at *5–6 (S.D. Cal. Nov. 3, 2017).  Accordingly, the Court grants Defendants' unopposed requests to file the documents under seal without prejudice to the Court modifying this order at a later time or using the information in a written order.  The Court directs the Clerk to file the proposed documents under seal.  (Doc. Nos. 106–106-5, 108–108-5, 110–110-4.)

Although the Court grants Defendants' motions to file the documents at issue under seal, the Court notes that many of Defendants' sealing requests are not narrowly tailored to only seal the confidential information at issue.  For example, the first page of the SEC's motion in limine is a cover page that contains no sealable information.  (See Doc. No. 106 at 1.)  "Requests to seal must be narrowly tailored."  Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc., No. 3:17-CV-01118-BEN-BLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018); see Doe v. L. Offs. of Winn & Sims, No. 06-CV-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) ("'[A]ny order sealing documents should be "narrowly tailored"' to serve those compelling reasons."  (quoting Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016))).  Unless the moving party can demonstrate that the entire document at issue contains sealable information, in order for a sealing request to be narrowly tailored, the moving party must publicly file a redacted version of the document along with the sealed version of the document.

3:22-cv-01914-H-SBC

As such, the Court orders the parties to publicly file redacted versions of the SEC's motion in limine and related documents (Doc. Nos. 106–106-5), and Defendants' opposition to the SEC's motion in limine (Doc. No. 110–110-4). To the extent necessary, the Court orders the parties to meet and confer regarding the necessary redactions. The publicly filed redacted versions of the documents must be filed within **seven (7) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: July 19, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:22-cv-01914-H-SBC