DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
CHARLES E. CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
ROBERTO A. TERCERO (Cal. Bar No. 143760)
Email: terceror@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Brent W. Wilner, Associate Director
Douglas M. Miller, Supervisory Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH R. EARLE, JR., BARRY D. REAGH, WILLIAM CLAYTON, FRANCIS T. DUDLEY, STEVEN E. BRYANT, UPPER STREET MARKETING, INC. and PROJECT GROWTH INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 22-cv-1914-H-SBC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS EX PARTE MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS' ANSWERS SHOULD NOT BE STRICKEN AND TO VACATE DEADLINES IN SCHEDULING ORDER**<br><br>FPTC:    September 8, 2025<br>Time:    10:30 a.m.<br>Ctrm:    12A<br>Judge:   Hon. Marilyn L. Huff |

**TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY ...................................................................................1

II.  ARGUMENT.........................................................................................................3

    A.   Defendants should be ordered to show cause why their answers should not be stricken................................................................................3

    B.   The Court should vacate the upcoming deadlines in the scheduling order.........................................................................................................6

III. CONCLUSION......................................................................................................6

For the second time in a month, Defendants Barry D. Reagh and William Clayton have failed to comply with this Court's scheduling order directing them to file memoranda of contentions of fact and law, witness lists, and exhibit lists. Under Federal Rule of Civil Procedure 16(f), the Court should now issue an order requiring Reagh and Clayton to show cause, on or before August 1, 2025, why their answers should not be stricken. In the meantime, because Defendants' failure to file these essential documents has prevented the SEC from doing its part to prepare for trial, the Court should vacate the upcoming pretrial filing deadlines in the scheduling order.

## I. PROCEDURAL HISTORY

In its Second Amended Complaint, the SEC alleges (1) a fraudulent pump-and-dump scheme involving the publicly traded stock of defendant Upper Street Marketing, Inc. ("UPPR"), (2) the unlawful touting of UPPR stock, and (3) the unregistered offering of UPPR's shares by unregistered brokers. (ECF No. 59.) The SEC charged defendants UPPR, Joseph R. Earle, Jr., Barry D. Reagh, William Clayton, and Francis T. "Ted" Dudley with violating the antifraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"). The SEC charged Dudley with violating Securities Act Section 17(b) by unlawfully touting UPPR's stock. The SEC also charged defendants UPPR, Earle, Steven E. Bryant, and Project Growth International, Inc. with violating the registration provision of Securities Act Section 5. Finally, the SEC charged defendants Bryant and Project Growth with violating Exchange Act Section 15(a)'s broker-dealer registration requirements.[1] For these violations, the SEC sought permanent injunctions, officer and director bars, penny stock bars, disgorgement with prejudgment interest, and civil penalties.

---

[1] Dudley had moved to the dismiss the SEC's First Amended Complaint, and the Court denied that motion on April 11, 2023, a few weeks before the SEC filed its Second Amended Complaint. (ECF No. 54.)

Since the filing of the Second Amended Complaint, the SEC voluntarily dismissed its claims against Project Growth. (ECF No. 85.) UPPR and Dudley consented to injunctions against them, leaving only remedies to be determined later by motion. (ECF Nos. 71, 78.) The SEC and UPPR ultimately resolved all claims, and the Court has entered final judgment against UPPR. (ECF No. 145.) Earle, Reagh, and Clayton each answered, denying the SEC's claims against them. (ECF Nos. 64, 68, 69.) Bryant, who is proceeding pro se, did not file an answer.

After the close of discovery, the SEC moved for partial summary judgment against Earle and Bryant on the Section 5 and Section 15(a) claims (ECF No. 105), which the Court granted on September 30, 2024. (ECF No. 130.) That left only the fraud claims against Earle, Reagh, and Clayton for trial. The SEC has since resolved all claims against Earle, and the Court has entered final judgment against him. (ECF No. 148.) Accordingly, the only claims left to be determined at trial are the fraud claims against Reagh and Clayton.

At the parties' request, the Court has several times modified the scheduling order to permit the parties to explore settlement. (ECF Nos. 132, 137, 140, 151.) Despite extensive discussions between counsel and several conferences with Judge Chu, those discussions were not successful as to Reagh and Clayton. In fact, at the last settlement conference on May 30, 2025, Defendants—Reagh, in particular—made clear their preference to proceed to trial. Thus, in accordance with the Court's scheduling order (ECF No. 151), the SEC timely filed its memorandum of contentions of fact and law and its witness and exhibit lists. (ECF Nos. 157-59).

Despite their purported insistence on going to trial, Defendants failed to obey the Court's scheduling order and filed nothing. Following several emails and calls by SEC counsel, the parties agreed to another modification of the scheduling order based on counsel's inability to communicate with his clients. *See* ECF No. 160; *see also* Declaration of Charles Canter ("Canter Decl.") ¶ 5. The Court granted the requested modification and explicitly reminded of their obligations under Local Rule 16.1(f)(2)

and that, under Local Rule 16.1(f)(8), failure to complete necessary pretrial preparations "may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or on the entire case." (ECF No. 161 at 3). Despite the Court's strong admonition, Defendants again failed to obey the scheduling order and have filed nothing. According to Defendants' counsel, he may need to withdraw rather than represent one or both Defendants at trial. Canter Decl. ¶¶ 12-15.

## II.   ARGUMENT

### A.   Defendants should be ordered to show cause why their answers should not be stricken.

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'. . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992). Rule 16(f) empowers the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," when a party "fails to obey a scheduling order." Fed. R. Civ. P. 16(f)(1). Rule 37(b) authorizes such sanctions as "striking pleadings," "staying further proceedings until the order is obeyed," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (iv), (vi); *see also* Fed. R. Civ. P. 1 (the Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Before dismissing a case or declaring a default for failing to comply with a court order, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1990) (citation omitted). "The list of factors

amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

At this stage, issuing an order to show cause is an appropriate lesser sanction that does not prejudice Defendants. On the contrary, an order to show cause ensures that Defendants have opportunity to explain their failures to comply with the Court's orders and provides additional notice before entry of a more severe sanction. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 522 (9th Cir. 1983) (discussing procedural protections to be provided before imposing sanctions).

Should Defendants fail to discharge the order, however, striking their answers would be appropriate. First, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and lack of other effective sanctions would all weigh in favor of striking Defendants' answers. *See Valley Eng'rs Inc.*, 158 F.3d at 1057 (when evaluating availability of other effective sanctions courts consider: (i) "whether the court explicitly discussed alternative sanctions;" (ii) "whether it tried them;" and (iii) "whether it warned the recalcitrant party about the possibility of dismissal."). Second, the weight of the other factors against striking the answers—the risk of prejudice to Defendants and the public policy favoring disposition of cases on their merits—would be lessened in this case because the SEC would still need to move for remedies. In so doing, the SEC would present evidence to support the imposition those remedies, including evidence of Defendants' conduct, scienter, and their gains from their violations. *See, e.g., SEC v. Blockvest, LLC*, No. 18-cv-2287-GPB, 2020 WL 5064330, at *4 (S.D. Cal. Aug. 26, 2020) (directing SEC to file motion for remedies after striking answer and entering default). Moreover, favoring a disposition on the merits is given less weight when trial is impaired by a defendant's refusal to cooperate. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("this factor 'lends little support' to a

party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction").

Indeed, numerous courts have entered default judgments in SEC enforcement actions for failure to comply with court orders and obligations imposed by the rules of procedure. *E.g.*, *SEC v. Razmilovic*, 738 F.3d 14, 27 (2d Cir. 2013) (although defendant disobeyed only single court order, to appear for deposition, his defiance of the court's order, in the face of the court's warning of possible sanctions, "clearly supported the inference that renewed orders to appear would be unavailing and that no lesser sanction would be effective"); *SEC v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 131 (D.D.C. 2016) (entering default judgment after defendant "ignored numerous orders by the Court, and the Court's express warning of default judgment); *SEC v. Becker*, No. 09-cv-5707(SAS), 2010 WL 2165083, at *2 (S.D.N.Y. May 28, 2010) (entering default where defendants "deliberately and repeatedly refused" to comply with court orders); *SEC v. Johnson*, No. 20-cv-08985-ODW-DFM, 2021 WL 6752250, at *2 (C.D. Cal. Nov. 10, 2021) (striking answer and entering default after defendant's failure to participate in scheduling process, comply with discovery obligations, and meet and confer requirements), report and recommendation adopted, 2022 WL 266167 (C.D. Cal. Jan. 3, 2022).

Accordingly, the Court should issue an order to show cause why Defendants' answers should not be stricken. The SEC proposes that Defendants be given until August 1, 2025, to respond to the order and to file their pretrial filings. *See* Canter Decl. ¶ 16. In addition, the Court should order Defendants' counsel to separately file either (1) a motion seeking to withdraw as counsel for one or both of Defendants or (2) file the memoranda of contentions of fact and law and other documents required by Local Rule 16.1(f)(2) on or before July 31, 2025. The Court should make it clear that the filing of the motion to withdraw or the memoranda of contentions of fact and law and other documents alone will not discharge the order to show cause.

### B. The Court should vacate the upcoming deadlines in the scheduling order.

While Defendants are in default of the scheduling order and their obligations under Local Rule 16.1(f)(2), the Court should vacate the upcoming deadlines in the scheduling order. Rule 16 permits modifications to the scheduling order upon a showing of "good cause" and with consent of the Court. Fed. R. Civ. P. 16(b)(4). "Good cause" is a "non-rigorous standard." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Furthermore, Local Rule 16.1(f)(1) contemplates "postponement of pretrial proceeding[s]" when "additional time is required."

Good cause exists to modify the scheduling order because Defendants' repeated failure to obey the scheduling order prejudices the SEC. First, the SEC is left to guess what issues Defendants intend to contest at trial and what witnesses and exhibits Defendants intend to present. Second, and more immediately, Defendants failure impairs the SEC's own compliance with the scheduling order because the SEC cannot meaningfully prepare a final pretrial order without the benefit of Defendants' pretrial filings. Third, while the scheduling order is in effect, the SEC must devote resources to prepare for a trial at which Defendants, apparently, do not intend to participate. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1227 ("The law ... presumes prejudice from unreasonable delay.").

Accordingly, the Court should vacate the upcoming deadlines in the scheduling order. Should Defendants discharge the order to show cause, cure their default, and comply with their obligations under Local Rule 16.1(f)(2), the parties can promptly meet and confer and propose a new schedule.

Reagh and Clayton's counsel does not oppose vacating these deadlines.

### III. CONCLUSION

Defendants' repeated failure to obey the Court's scheduling order, despite the Court's warnings, warrants an order to show cause why Defendants' answers should

not be stricken. In the meantime, the pending deadlines in the scheduling order should be vacated.

Dated: July 18, 2025          Respectfully submitted.

*/s/ Charles E. Canter*
DOUGLAS M. MILLER
CHARLES E. CANTER
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 18, 2025, I caused to be served the document entitled **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS EX PARTE MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS' ANSWERS SHOULD NOT BE STRICKEN AND TO VACATE DEADLINES IN SCHEDULING ORDER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 18, 2025                              /s/ Charles E. Canter
                                                 CHARLES E. CANTER

8

*SEC v. Joseph R. Earle, Jr., et al.*
United States District Court—Southern District of California
Case No. 3:22-cv-1914-H-SBC

## SERVICE LIST

Andrew B. Holmes, Esq. (by ECF)
Holmes, Taylor, Athey, Cowan, Mermelstein & Jones LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
(213) 985-2200
abholmes@holmestaylor.com
*Attorney for Defendants Joseph R. Earle, Jr., Barry D. Reagh and William Clayton*

James D. Sallah, Esq. (by ECF)
Sallah Astarita & Cox, LLC
3010 N. Military Trail, Suite 210
Boca Raton, FL 33431
(561) 989-9080
jds@sallahlaw.com
*Attorney for Defendant Francis T. Dudley*

Steven E. Bryant (by UPS)
2921 Ashton Terrace
Oviedo, FL 32765
(954) 687-8076
ceosan@yahoo.com
*Defendant Steven E. Bryant (Pro Se)*

Dean A. Olsen, Esq. (by ECF)
Randolf W. Katz, Esq.
Clark Hill LLP
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
(213) 891-9100
dolson@clarkhill.com
rkatz@clarkhill.com
*Attorneys for Defendant Upper Street Marketing, Inc.*